**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | No. 20-15418 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 5:19-cv-01622-NC |
| v. | MEMORANDUM* |
| TURNER/DEVCON, a Joint Venture, | |
| Defendant-counter-claimant-3rd-party-plaintiff-Appellant, | |
| v. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY; ALTERRA AMERICA INSURANCE COMPANY, | |
| Third-party-defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted February 5, 2021**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before:  RAWLINSON and BUMATAY, Circuit Judges, and S. MURPHY,[***] District Judge.

In this insurance dispute, Turner/Devcon appeals the district court's grant of summary judgment in favor of Hartford Fire Insurance and Alterra American Insurance, and dismissal in favor of Westchester Surplus Lines Insurance Company. The parties agree that California law governs this case.  Reviewing de novo, *Price v. Hawaii*, 939 F.2d 702, 706 (9th Cir. 1991), we affirm.

1.  The district court did not err by looking to the allegations in the putative civil rights class action complaint filed against the 49ers by Abdul Nevarez and others ("the Nevarez complaint").  "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (1993) (in bank) (simplified).  The question that the court must answer is whether the allegations show a potential for coverage within the policy. *Hurley Constr. Co. v. State Farm Fire & Cas. Co.*, 10 Cal. App. 4th 533, 538 (Ct. App. 1992).

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Here, that question was answered by looking to the Nevarez complaint, which is the lawsuit underlying this indemnity litigation. The 49ers complaint seeks only indemnification, and is thus "wholly derivative" of the underlying Nevarez complaint. *W. S.S. Lines, Inc. v. San Pedro Peninsula Hosp.*, 8 Cal. 4th 100, 115 (1994). Further, the 49ers complaint expressly incorporates by reference all the facts alleged in the Nevarez complaint. Finally, "[f]acts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." *Montrose Chem. Corp.*, 6 Cal. 4th at 295, 298 (holding that an insurer may seek "summary adjudication that no potential for liability exists and thus that it has no duty to defend" based on extrinsic evidence). Given these principles of California law, the district court properly considered the allegations and claims laid out in the Nevarez complaint to determine whether a duty to defend exists.

2. The district court correctly concluded that the Nevarez complaint did not allege an "occurrence" within the meaning of the policies. "The insurer is excused from its defense obligation only when the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." *Fire Ins. Exch. v. Superior Court*, 181 Cal. App. 4th 388, 391–92 (Ct. App. 2010) (simplified).

In California, the design and construction of a structure that allegedly violates

accessibility laws generally does not fall within the plain meaning of "accident" when used in insurance contracts. *See Mod. Dev. Co. v. Navigators Ins. Co.*, 111 Cal. App. 4th 932, 943 (Ct. App. 2003) (explaining that the construction of an inaccessible structure was not an "accident" and thus not an "occurrence" because the defendants in the underlying suit "intended for the [inaccessible area] to be configured" as it was). Put another way, an event is not an "accident" where the insured intended the acts that caused the victim's injury. *Merced Mut. Ins. Co. v. Mendez*, 213 Cal. App. 3d 41, 50 (Ct. App. 1989) (simplified). And an insured's intentional act does not become an accident simply because it had the unintended effect of violating federal and state accessibility laws. *See Loyola Marymount Univ. v. Hartford Accident & Indem. Co.*, 219 Cal. App. 3d 1217, 1225 (Ct. App. 1990).

With these principles in mind, we agree with the district court that the Nevarez complaint does not allege an "occurrence" within the meaning of the policies. The Nevarez complaint alleges that the 49ers violated the Americans With Disabilities Act by designing and constructing their stadium in a manner that did not comply with federal disability access design standards. Because the design and construction of the stadium was not an "accident," it was not an "occurrence," and is not covered by the policies in issue.[1]

---

[1] It is not to the contrary that the 49ers complaint uses the word "negligence" within the equitable indemnity cause of action. The discrete use of the word

4

For the foregoing reasons, we **AFFIRM** the district court.

---

"negligence," does not transform any of the allegations against Turner/Devcon into conduct involving "an accident." *See Quan v. Truck Ins. Exch.*, 67 Cal. App. 4th 583, 596 (Ct. App. 1998) ("'[N]egligence' does not necessarily equate with an 'accident[.]'"). Rather, as explained above, and consistent with California law, the allegations regarding the design and construction of the stadium remain an intentional act.